# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Anis Avasta Construction Company | )     ASBCA No. 61107 |
| | ) |
| Under Contract No. H92237-11-C-0343 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Shujah Mowafaq
                                                   CEO

APPEARANCES FOR THE GOVERNMENT:     Jeffrey P. Hildebrant, Esq.
                                                   Air Force Deputy Chief Trial Attorney
                                                   Phillip E. Reiman, Esq.
                                                   Lt Col Nathaniel H. Sears, USAF
                                                   Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE SWEET

*Pro se* appellant Anis Avasta Construction Company (Anis Avasta) brings this appeal, alleging that the United States Air Force (government) breached a contract by failing to pay Anis Avasta for the construction of a water supply and storage facility at Pusht-e Bagh, Afghanistan. Pursuant to Board Rule 11, the parties have elected to waive a hearing and to submit the appeal on the record before the Board. The government argues that Anis Avasta has failed to meet its burden of showing that there was a contract, or that it performed under the contract. Anis Avasta responds that there was a contract and it performed. As discussed below, we need not decide whether there was a contract because, even assuming that there was a contract Anis Avasta has failed to demonstrate that it performed any work under the alleged contract, and, because it waited over five years to pursue payment without any contact with the government, Anis Avasta's claim is barred by the doctrine of laches. Therefore, the appeal is denied.

## FINDINGS OF FACT

1. On 29 September 2011, Shujah Mowafaq—Anis Avasta's Director (R4, tab 4 at 1)—sent an email to Logistics Specialist Chief (LSC) Jose B. Diaz—the contracting officer representative (COR) for the Combined Joint Special Operations Task Force-Afghanistan (R4, tabs 4, 15, ¶ 2).

2. Attached to the 29 September 2011 email was a Standard Form (SF) 1442 (Solicitation, Offer, and Award) for Contract No. H92237-11-C-0343 (SF 1442) (R4,

tabs 1, 4 at 1). Under the SF 1442, Anis Avasta would construct a water supply and storage facility in exchange for $53,000 (R4, tab 1 at 3).

3. The SF 1442 stated that "[u]pon completion of the work and prior to final payment, the contractor shall be required to furnish the Contracting Officer a Release of Claims (Attachment 1) per FAR 52.232-5, Payments Under Fixed-Price Construction Contracts" (R4, tab 1 at 6). Similarly, the SF 1442 incorporated by reference the clause at FAR 52.232-5 (*id.* at 14). FAR 52.232-5(h) provided that the government shall pay the amount due the contractor under the contract after the completion and acceptance of all work, and the presentation of a voucher and a release.

4. Mr. Mowafaq signed the SF 1442 on behalf of Anis Avasta. Captain (now Major) David W. Knox's name was typewritten under the box "Name of Contracting Officer," but Maj Knox did not sign the SF 1442 (R4, tab 1 at 2). Both Maj Knox and LSC Diaz declare that they have neither records regarding the SF 1442, nor any recollection that Maj Knox awarded Contract No. H92237-11-C-0343 to Anis Avasta. (R4, tab 15, ¶ 5, tab 16, ¶ 6)

5. On 2 October, 2011, Mr. Mowafaq emailed LSC Diaz, stating "Still I did not received [sic] the signed page from you. Please let me know back." (R4, tab 4 at 2)

6. LSC Diaz responded by sending Mr. Mowafaq via email a 2 October 2011 notice to proceed (NTP). The NTP stated that "[y]ou are hereby notified to proceed with the performance required by the terms of the subject contract, on 07 October 2011." The NTP contained Maj Knox's typewritten name, but not his signature. (R4, tab 6)

7. On 8 October 2011, Anis Avasta received an email from personnel at Pusht-e Bagh seeking to arrange the construction. After several emails, Anis Avasta stated on 13 October 2011 that its supervisor would be at Pusht-e Bagh to survey the site on 14 October 2011, after which Anis Avasta would send a work team to finish the contract. (R4, tab 7)

8. However, there is no evidence in the record that Anis Avasta performed the work. Neither Maj Knox nor LSC Diaz remember Anis Avasta completing—or the government accepting—the work (R4, tab 15, ¶ 5, tab 16, ¶ 6). Nor is there a declaration from Mr. Mowafaq that Anis Avasta completed the work. More importantly, there is no contemporaneous evidence that Anis Avasta completed—or the government accepted—the work. There are no communications between Anis Avasta and the government—or any other documents—between October 2011 and February 2017 in the record. In particular, Anis Avasta did not send the government a voucher or a release. Nor is there any evidence in the record that Anis Avasta contacted the government to perform a site survey.

2

9. Rather, more than five years after the October 2011 emails, Anis Avasta submitted a claim on 6 February 2017 (R4, tab 8). By that time, the deteriorating security situation at Pusht-e Bagh prevented the government from verifying that Anis Avasta had, in fact, constructed the water supply and storage facility (supp. R4, tab 17, ¶ 5).

10. The contracting officer (CO) issued a final decision denying Anis Avasta's claim (R4, tab 10). Anis Avasta timely appealed to this Board.

## DECISION

Even assuming that there was a contract, Anis Avasta is not entitled to recover under the doctrine of laches and FAR 52.232-5(h) as a result of its delay in pursuing its claim. "Laches is an equitable doctrine under which relief is denied to one who unreasonably and inexcusably delays in the assertion of a claim, thereby causing injury or prejudice to the adverse party." *Rudolf Bieraeugel, Stahl-und Metallbau, Gesellschaft mit beschraenkter Haftung*, ASBCA No. 47145, 95-1 BCA ¶ 27,536 at 137,220. There is no presumption of prejudice, and the passage of time alone does not constitute laches. *Mediax Interactive Tech., Inc.*, ASBCA No. 43961, 93-3 BCA ¶ 26,071 at 129,582. Rather, it is the government's burden to show unreasonable delay and resulting prejudice. *Bieraeugel*, 95-1 BCA ¶ 27,536 at 137,220 (citing *S.E.R., Jobs for Progress, Inc. v. United States*, 759 F.2d 1, 5 (Fed. Cir. 1985)).

Here, Anis Avasta waited over five years after it purportedly performed to seek compensation from the government (finding 9). That was unreasonable and prejudicial because, by the time Anis Avasta sought compensation, the CO and COR no longer had any memory of the events (finding 8). More importantly, by the time Anis Avasta sought compensation, the deteriorating security situation at Pusht-e Bagh precluded the government from even verifying that Anis Avasta had performed the work (finding 9). Because Anis Avasta's delay has prevented the government from verifying that Anis Avasta performed, we deny relief under the doctrine of laches.

Another problem for Anis Avasta arising out of its lack of diligence in pursuing its claim is that it is unable to show that it complied with the contract under which it was seeking recovery. Under FAR 52.232-5(h)—which was incorporated into the SF 1442—the government only has an obligation to pay Anis Avasta once it completes performance, it submits a voucher and a release, and the government has inspected and accepted performance (finding 3). Here, there is no evidence that Anis Avasta performed under the SF 1442. Nor did Anis Avasta submit a voucher and a release. (Finding 8) While Anis Avasta argues that it contacted the COR to survey the site upon completion (app. br. at 3), it presents no evidence to support that assertion, let alone to show that it submitted a voucher and a release (finding 8). Because Anis Avasta has not established that it completed performance, that it submitted a voucher

3

and a release, and that the government inspected and accepted performance, it is not entitled to payment.

## CONCLUSION

The appeal is denied.

Dated: 18 April 2018

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61107, Appeal of Anis Avasta Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals